UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
THOMAS DYER, T.D., an infant by his father and
natural guardian THOMAS DYER, M. D., an infant
by his father and natural guardian THOMAS DYER and
EBONY SWYGERT,

                                 Plaintiffs,                           **COMPLAINT**

                 -against-

DETECTIVE JOHN COMER, P.O KYLE RIEGEL, and
P.O. JOHN DOE

                               Defendants.
_____X

      PLAINTIFFS THOMAS DYER, T.D, an infant, M. D., an infant and EBONY SWYGERT,

by their attorney DAVID A. ZELMAN, Esq., for their COMPLAINT, allege upon information

and belief, as follows:

## I.  PRELIMINARY STATEMENT

1.      This is a civil rights action in which PLAINTIFFS THOMAS DYER, T. D. an

infant, M.D., an infant and EBONY SWYGERT (hereinafter "Plaintiffs") seek

damages to redress the deprivation, under color of state law, of rights secured to

them under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United

States Constitution.  On or about May 19, 2017 at approximately 6:00 AM., inside

of 415 South 2nd Avenue, Apt 1, Mt. Vernon New York, 10550. Detective John

Comer (hereinafter "COMER") and Police Officer Kyle Riegel (hereinafter

"RIEGEL") forcibly entered into and searched Plaintiffs apartment without legal

justification.

1

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in this court of all suits brought pursuant to 42

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases

brought pursuant to the Constitution and laws of the United States.  This Court has

pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3.      THOMAS DYER at all times resided at 415 South 2nd Avenue, Apt 1, Mt. Vernon,

New York.

4.       T.D, an infant at all times resided at 415 South 2nd Avenue, Apt 1, Mt. Vernon,

New York

5.      M.D., an infant, at all times resided at 415 South 2nd Avenue, Apt 1, Mt. Vernon,

New York.

6.      EBONY SWYGERT at all time resided at 710 East 243rd Street in Bronx, New

York.

7.      Defendant    JOHN DOE is a currently unknown   NYPD police officer who

accompanied defendants COMER and RIEGEL during all aspects of the  incident

described herein .

8.      Defendants COMER and RIEGEL were NYPD police officers, and at all relevant

times hereto, acted in that capacity as agents, servants, and/or employees of the City

of New York and within the scope of their employment.

9.      At all relevant times hereto, Defendants were acting under the color of state and

local law. Defendants are sued in their individual and official capacities.

V. <u>FACTS</u>

10.     On or about May 19, 2017, at approximately 6:00AM, Plaintiffs were sleeping

inside the residence known as 415 South 2nd Avenue, Apt 1, Mt. Vernon New York.

At that time Defendants COMER, RIEGEL and DOE without warning, forcibly

entered the apartment by breaking in the front door.  The officers were in plain

clothes.  The officers did not identify themselves except to say they were police.

11.     Upon information and belief, defendants did not have a warrant for this entry.  After

breaking the from door to gain access,  Defendants searched Plaintiff's papers and

personal effects and entered plaintiff's bedroom.

12.     Defendants' asked THOMAS DYER and the infants plaintiffs if they knew the

whereabouts of a person. They showed the picture of a black female who THOMAS

DYER.  THOMAS DYER told the officers that the person previously lived next

door at 417 South 2nd Avenue, Mt. Vernon New York. Thereafter, the defendants

left the premises without making any arrests. It is alleged in this matter that

defendants COMER, RIEGEL and DOE knew that their actions were illegal when

they were undertaken, however, as it would have been inconvenient and time

consuming to legally enter and search the premises, defendants COMER, RIEGEL

and DOE intentionally violated plaintiffs constitutional rights by forcibly entering

into the premises and searching the premises.

13.     On or about May 19, 2017 a complaint was made to the Civilian Complaint Review

Board regarding this incident. Upon information and belief, the CCRB

3

investigated the incident and substantiated the charge of "Premises entered and/or searched" against defendants COMER and RIEGEL and imposed "Command Discipline A."

14.    Plaintiffs were shocked and frightened by the defendants' actions.    Plaintiff THOMAS DYER repaired his front door following the incident.    Plaintiff SWYGERT has refused to sleep in the house since the incident due to fear that it will recur.

## I. FIRST CAUSE OF ACTION
### Pursuant to §1983 (UNLAWFUL ENTRY)

\    15.    Paragraphs 1 through 12 are hereby realleged and incorporated by reference herein.

16.    That Defendants' unlawfully entered Plaintiffs' property.

17.    That Defendants had no legally sufficient cause to unlawfully enter Plaintiffs property.

18.    That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs' to an unlawful entry, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## III. SECOND CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL SEARCH)

19.    Paragraphs 1 through 18 are hereby realleged and incorporated by reference herein.

4

20. That Defendants excessively searched Plaintiffs' property. Defendants failed to announce their presence and forcibly entered the apartment. Defendants failed to terminate the search when it was required to do so.

21. That Defendants' searches of Plaintiffs' persons and property were unlawful in that Defendants did not obtain a valid search warrant before searching Plaintiffs' persons, lacked probable cause to search Plaintiffs' persons, and searched Plaintiffs' persons and property excessively and unreasonably.

22. By reason of the unlawful search of Plaintiffs' persons and property, Defendants, acting in gross and wanton disregard of plaintiffs' rights, deprived Plaintiffs of their privacy and property, in violation of rights secured to them under the Fourth and Fourteenth Amendments of the United States Constitution.

## IV. THIRD CAUSE OF ACTION

Pursuant to 42 USC Section 1983 (UNLAWFUL SEARCH/PROPERTY DAMAGE)

23. Paragraphs 1 through 22 are hereby realleged and incorporated by reference herein.

24. Defendants unlawfully entered Plaintiffs' residence without the requisite suspicion or a valid warrant.

25. In so doing, defendants violated Plaintiffs' constitutionally protected rights to be free from an unlawful search of their property.

26. In obtaining the warrant, Defendants failed to apprise the issuing magistrate of correct and up to date information as to the person wanted. Defendants misled the magistrate intentionally and/or negligently in that the person wanted had not resided in the subject apartment for several years. The issuing magistrate, had he/she known

relevant and accurate information for the subject property, would never have issued a warrant for the subject property and therefore the damages herein resulted from the Defendants' actions and/or omissions.

27.   By reason of the foregoing, plaintiffs' constitutionally protected rights to be free from an unlawful search and seizure of their property were infringed.

## XI. FOURTH CAUSE OF ACTION
### Pursuant to 42 USC Section 1983 (DUE PROCESS VIOLATION / FOURTH AMENDMENT RIGHTS)

28.   Paragraphs 1 through 27 are hereby realleged and incorporated by reference herein.

29.   That Defendants entered Plaintiffs' apartment forcefully, without a valid warrant or legal basis to do so.

30.   In obtaining the warrant, Defendants failed to apprise the issuing magistrate of correct and up to date information as to the person wanted. Defendants misled the magistrate intentionally and/or negligently in that the person wanted had not resided in the subject apartment for several years. The issuing magistrate, had he/she known relevant and accurate information for the subject property, would never have issued a warrant for the subject property and therefore the damages herein resulted from the Defendants' acts and/or omissions.

31.   That said unlawful entry into Plaintiffs' apartment was made without exigent circumstances and/or consent.

32.   That said warrantless entry constituted a search and seizure of Plaintiffs' private property and violated Plaintiffs' rights.

33.   By reason of Defendants' acts and omissions, acting under color of state law and

within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, searched and seized Plaintiffs' personal property without providing due process under the law, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

34.    By reason of the foregoing, Plaintiffs suffered shame, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

34.    Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

35.    Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

36.    Awarding Plaintiffs interest from May 19, 2017; and

37.    Awarding Plaintiffs reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

38.    Granting such other and further relief as to this Court seems proper.

DATED:  Brooklyn, New York
          November 23, 2017                                    /S
                                                    _____
                                                    DAVID A. ZELMAN, ESQ.
                                                    (DZ 8578)
                                                    612 Eastern Parkway
                                                    Brooklyn, New York 11225
                                                    (718)604-3072

7

8